UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FOUR GREEN FIELDS HOLDINGS, LLC,**

    **Plaintiff,**

v.                                                       **Case No.: 8:10-CV-2800-T-27EAJ**

**FOUR GREEN FIELDS,
AN IRISH PUB, INC.,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's **Motion for Attorneys' Fees and Costs** (Dkt. 14).[1] Plaintiff requests a total of $20,106.00 in attorneys' fees and $705.00 in costs. As Defendant has failed to file a timely response to the motion, the motion is deemed unopposed. See Local Rule 3.01(b), M.D. Fla. However, fees are sought against the defaulted party, and the court must independently scrutinize the fees requested. The undersigned recommends that the court award Plaintiff $18,059.40 in attorneys' fees and $350.00 in costs.

### Background

On December 15, 2010, Plaintiff filed suit against Defendant for (i) infringement of a registered trademark in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114; (ii) unfair competition, false designation of origin, and false advertising in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) infringement of a registered trademark in violation of Florida Statute § 495.141; (iv) infringement of a unregistered trademark under Florida common law; (v)

---

[1] The District Judge referred these motions to the undersigned. The undersigned issues this report and recommendation pursuant to Fed. R. Civ. P. 54(d)(2)(D) and 72(b).

state injury to business reputation and trademark dilution in violation of Florida Statute § 495.151; (vi) unfair competition under Florida common law; (vii) tortious interference with contractual relationship; and (viii) tortious interference with advantageous business relationship (Dkt. 1).

Following an entry of a default final judgment, the court awarded Plaintiff $2,000,000.00 in statutory damages and its reasonable attorneys' fees and costs. Plaintiff requests attorneys' fees and costs under the Lanham Act, pursuant to 15 U.S.C. § 1117(a), and all remedies under Florida Statute § 495.141. A successful plaintiff may recover reasonable attorneys' fees and costs under the Lanham Act and Florida Statute § 495.141.

## Analysis

I.  **Attorney's Fees**

   a.  **Entitlement**

Plaintiff seeks $20,106.00 in attorneys' fees. Under the Lahnam Act, attorneys' fees are recoverable only in "exceptional cases." 15 U.S.C. § 1117(a). An exceptional case is one that can be characterized as "malicious, fraudulent, deliberate and willful," or one in which "evidence of fraud or bad faith" exists. Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc., 253 F.3d 1332, 1335 (11th Cir. 2001). "Although a case may rise to the level of exceptionality, the decision to grant attorney fees remains within the discretion of the trial court." Burger King Corp. v. Pilgrim's Pride Corp., 15 F.3d 166, 168 (11th Cir. 1994) (citation omitted).

Beginning in April 2010, Defendant became aware of Plaintiff's trademark rights through several months of negotiations between the parties. After the parties reached an impasse, Defendant continued to use the Four Green Fields mark even though Defendant possessed actual and constructive knowledge of Plaintiff's trademark rights. Further, Defendant's refusal to participate

2

in this litigation evidences a willful disregard for Plaintiff's rights and this court's authority. See Franchise Co., LLC v. Express Corporate Apparel, LLC, No. 8:09-CV-454-T-23TGW, 2011 WL 1226002, at *9 (M.D. Fla. Feb. 28, 2011). Therefore, the court finds that Defendant's actions were willful and deliberate and Plaintiff is entitled to its reasonable attorneys' fees under the Lanham Act.

**b. Amount**

Plaintiff seeks fees for work by attorneys Daniel Frijouf and Robert Frijouf as follows:

| Name | Fees | Hours | Hourly Rate |
|---|---|---|---|
| Daniel Frijouf | $19,566.00 | 108.70 | $180.00 |
| Robert Frijouf | $540.00 | 1.5 | $360.00 |
| | Total: $20,106.00 | | |

In evaluating Plaintiff's request for attorney's fees, the court must calculate the lodestar, which is the number of reasonable hours spent working on the case multiplied by a reasonable hourly rate. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). The court must also determine whether an adjustment to the lodestar is necessary based on the results obtained. ACLU of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). The fee applicant bears the burden of establishing entitlement to an award and documenting appropriate hours and hourly rates. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

"Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436). Further, the court itself is "an expert on the question [of attorney's fees] and may consider its own knowledge and

experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations omitted).

        **i.     Reasonable Hourly Rates**

An attorney's reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299 (citations omitted). The party seeking attorney's fees bears the burden of producing "satisfactory evidence that the requested rate is in line with prevailing market rates," which normally requires more than just an affidavit from the attorney performing the work. Id. The court may consider direct evidence of rates for similar services or opinion evidence about rates as well as its own expertise and judgment. Id. The court may also consider the twelve factors derived from the American Bar Association's Code of Professional Conduct and adopted in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).[2] See Hensley, 461 U.S. at 430.

Plaintiff has failed to identify the attorneys' legal experience or provide the hourly rates charged by comparably experienced intellectual property attorneys. Plaintiff has not explained why Robert Frijouf is entitled to $360.00 per hour. The only evidence regarding the attorneys' qualifications is Daniel Frijouf's statement that the attorneys' fees are reasonable for this market and

---

[2] The Johnson factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the degree of skill necessary to serve the client properly; (4) the attorney's inability to accept other employment because he accepted the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount of damages involved and the relief or results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the attorney's professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19.

the complexity of this action and that these were the attorneys' hourly rates from January 21, 2010 to the present (Dkt. 14 Ex. 1). Upon consideration of the limited evidence available to the court, and the non-complex nature of this case, Robert Frijouf's hourly rate should be reduced from $360.00 to $300.00 per hour. See Franchise Co., LLC, 2011 WL 1226002, at *10-11 (reducing hourly rates greater than $300.00 following a final default judgment under the Lanham Act). The court finds that Daniel Frijouf's hourly rate of $180.00 is reasonable.

### ii. Hours Reasonably Expended

A determination of the hours reasonably expended by counsel should exclude those hours that are "excessive, redundant, or otherwise unnecessary." Norman, 836 F.2d at 1301 (quoting Hensley, 461 U.S. at 434). Time spent on clerical tasks is not compensable at an attorney's rate. Id. at 1306. A reduction in fees is warranted for block billing, which refers to the practice of including multiple tasks in a single time entry. Kearney v. Auto-Owners Ins. Co., 713 F. Supp. 2d 1369,1377-78 (M.D. Fla. 2010); see also Bujanowski v. Kocontes, No. 8:08-CV-0390-T-33EAJ, 2009 WL 1564263, at *2 (M.D. Fla. Feb. 2, 2009). Either an hour-by-hour analysis of the requested hours or an across-the-board reduction can be used if necessary to reduce the number of hours to those deemed reasonable. Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1351-52 (11th Cir. 2008) (per curiam).

Rather than including a separate time entry for each task, most of the time sheet includes one entry per day for Daniel Frijouf. Where the daily entry includes a single task, the time spent was reasonable. For example, it is reasonable for an attorney to spend five hours preparing a draft of a settlement agreement and ten hours preparing a complaint. However, where multiple tasks were performed within a single day, it is impossible to decipher how much time was spent on each

particular task. Because this type of billing precludes an accurate review of the individual entries, a reduction of ten percent of the total hours billed by Daniel Frijouf is appropriate.

Robert Frijouf's 1.5 hours spent in an internal attorney conference is compensable because fees for "time spent in attorney conferences is generally compensable for each participant." Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas Cnty., 278 F. Supp. 2d 1301, 1318 (M.D. Fla. 2003).

### iii. Modified Attorney's Fees

After accounting for Robert Frijouf's modified hourly rate and the across-the-board reduction of Daniel Frijouf's hours, Plaintiff is entitled to the following fees:

| Name | Fees | Hours | Hourly Rate |
| --- | --- | --- | --- |
| Daniel Frijouf | $17,609.40 | 97.83 | $180.00 |
| Robert Frijouf | $450.00 | 1.5 | $300.00 |

Total: $18,059.40

## II. Costs

In addition to requesting attorneys' fees, Plaintiff also seeks reimbursement of $705.00 in costs. Under the Lanham Act, Plaintiff is entitled to recover its cost of the action "subject to the principles of equity." 15 U.S.C. § 1117(a). Rule 54(d), Fed. R. Civ. P., allows for recovery of those costs enumerated in 28 U.S.C. § 1920. Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006). Section 1920 provides as follows:

A judge or clerk of any court of the United States may tax as costs the following:

    (1)    Fees of the clerk and marshal;
    (2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
    (3)    Fees and disbursements for printing and witnesses;

      (4)      Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
      (5)      Docket fees under section 1923 of this title;
      (6)      Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Plaintiff seeks $350.00 for filing fees, $55.00 for process server fees, $70.00 for service of court order on Defendant, $200.00 for database search costs, $15.00 for postage, and $15.00 for Federal Express costs. Postage and computer research charges are not recoverable under § 1920. Tiramisu Intern. LLC v. Clerver Imports LLC, 741 F. Supp. 2d. 1279, 1298 (S.D. Fla. 2010). An award of service fees should be denied because Plaintiff does not provide documents indicating whether it retained a private process server or the United States Marshal Service ("USMS") and, if the USMS was utilized, the amount of time it took the USMS to effect service or the distance traveled. E.E.O.C. v. W & O, Inc., 213 F.3d 600, 624 (11th Cir. 2000) (holding that costs for service of process may not exceed the amount allowed under statute for the United States Marshal's fees). The $350.00 filing fee may be taxed as a cost under § 28 U.S.C. 1920(1). Accordingly, Plaintiff satisfied its burden of demonstrating its entitlement to $350.00 in costs.

## **Conclusion**

Robert Frijouf's hourly rate should be reduced from $360.00 per hour to $300.00 per hour. The total hours billed by Daniel Frijouf should be reduced by ten percent due to the consistent use of block billing in Plaintiff's time sheets. The total attorneys' fees should be reduced from $20,106.00 to $18,059.40 and the total costs should be reduced from $705.00 to $350.00. Plaintiff should be awarded $18,059.40 in attorneys' fees and $350.00 in costs.

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiff's Motion for Attorney's Fees and Costs (Dkt. 14) be **GRANTED IN PART and DENIED IN PART** as set forth above;

(2) Plaintiff be awarded $18,059.40 in attorney's fees; and

(3) Plaintiff be awarded $350.00 in costs.

**Dated: October 17, 2011**

ELIZABETH A JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge